# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mainstream Fashions Franchising, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>All These Things, LLC; a North Carolina limited liability company; Grace & Love, LLC, a North Carolina limited liability company; CCP, LLC, a North Carolina limited liability company; Charlotte Cooper Parris, a North Carolina resident; Anitra Mitchell, a North Carolina resident; and Bradley Mitchell, a North Carolina resident,<br><br>Defendants. | Case No. 19-cv-02953 (SRN/TNL)<br><br>**ORDER ON DEFENDANTS' OBJECTION TO SECOND SUPPLEMENTAL DECLARATION OF COREY DENICOLA IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

SUSAN RICHARD NELSON, United States District Judge

The matter comes before the Court on Defendants' February 26, 2020 Letter (Doc. No. 61) objecting to Plaintiff's filing of an additional declaration (*see* Doc. No. 58 *et. seq.*) in support of its Motion for a Preliminary Injunction (Doc. No. 5). For the following reasons, the Court sustains Defendants' objection to Plaintiff's late filing, and will not consider the declaration in ruling on Plaintiff's Motion for a Preliminary Injunction.

## I. BACKGROUND

The Court briefly reviews the procedural history behind this issue. After filing its complaint, Plaintiff sought a preliminary injunction prohibiting Defendants from, among other things, operating its current business. (*See* Pl.'s Mot. for Prelim. Inj. [Doc. No. 5] at

1

1–2.) Defendants subsequently filed a motion to dismiss. (*See* Defs.' Mot. to Dismiss [Doc. No. 21].) The parties engaged in complete motion practice, filing opening, oppositional, and reply briefs for both motions, (*see* Doc. Nos. 7, 23, 31, 36, 37, 45), as well as numerous affidavits and exhibits in support of their arguments, (*see* Doc. Nos. 8, 9, 24, 32–34, 37–38, 46). On January 17, 2020, the Court heard oral argument on both motions, at which time the motions were submitted, argued, and taken under advisement. (*See* Jan. 17, 2020 Minute Entry [Doc. No. 50].)

On February 21, 2020, Magistrate Judge Tony N. Leung held a settlement conference with both parties. No settlement was reached. (*See* Feb. 21, 2020 Minute Entry [Doc. No. 56].) Three days later, Plaintiff filed a letter with the Court requesting permission to file supplemental briefing in support of its preliminary injunction motion on "the narrow issue of the application of the Minnesota Franchise Act in this case." (*See* Feb. 24, 2020 Letter by Pl. [Doc. No. 57].) Specifically, Plaintiff noted it wished to respond to the Court's questions at the January 17 oral argument regarding the Act, and that its briefing would establish that (1) the Minnesota Franchise Act does not apply to out-of-state franchisees; (2) the Act was knowingly and voluntarily waived by the franchisees, and (3) such a waiver is enforceable. (*Id.*) On the same day, prior to receiving permission to file any supplemental briefing, Plaintiff also filed the "Second Declaration of Corey DeNicola in Support of Motion for Preliminary Injunction," accompanied by sixteen additional exhibits totaling 73 pages. (*See* 2d Decl. of Corey DeNicola in Supp. of Pl.'s Mot. for Prelim. Inj. [Doc. No 58]; *Id.* at Decl. Ex. W–LL [Doc. Nos. 58-1–58-16].) Defendants opposed any additional briefing, but asked for permission to respond in kind if the Court

2

granted Plaintiff's request.  (*See* Feb. 24, 2020 Letter from Defs. [Doc. No. 59].)  On February 25, 2020, the Court granted Plaintiff permission to "file and serve a supplemental brief no more than five (5) pages, due three business days from the date of [the] Order[.]"  (Feb. 25, 2020 Order [Doc. No. 60] at 1.)  The Court also gave Defendants permission to respond in kind.  (*Id.* at 2.)

On February 26, 2020, Defendants filed the present objection to Plaintiff's Second Declaration of Corey DeNicola (as well as its accompanying exhibits).  (*See* Feb. 26, 2020 Defs.' Letter [Doc. No. 61].)  Defendants correctly note that the declaration was submitted long after the motion for a preliminary injunction and motion to dismiss were argued and submitted to the court, without permission, and that this is the third declaration by Corey DeNicola.  (*See id*. at 1; see also Doc. Nos. 8 (first decl.), 38 (suppl. decl.).)  Moreover, Defendants contend that the declaration itself contains factually incorrect assertions, and that in any event, several of the attached exhibits were available to Plaintiff prior to the January 17 hearing.  (Feb. 27, 2020 Defs.' Letter at 2.)  Defendants request that the Court not consider the declaration and its contents, or for permission to respond in affidavit form if the submissions are accepted.  (*Id.*)  Plaintiff responded by letter on February 27, 2020, noting that it is unaware of anything in the local rules preventing its supplemental filing, but acknowledging that it is within the Court's discretion whether to accept and consider the declaration.  (*See* Feb. 27, 2020 Letter from Pl. re: Obj. [Doc. No. 62] at 1.)  In support of its declaration, Plaintiff argues that the Court granted its request for further briefing on the Minnesota Franchise Act, which it took "to mean the parties may submit additional evidence as part of the additional briefing, and the Court can weigh and consider that

3

evidence . . . ." (*Id*.) Plaintiff also contends that its declaration contains "new and additional evidence" it recently obtained regarding the issues raised at oral argument. (*Id*.)

## II. DISCUSSION

Pursuant to this Court's local rules, Plaintiff's motion for a preliminary injunction constitutes a "dispositive" motion. D. Minn. L.R. 7.1(c)(6)(A). Dispositive motions, and their accompanying motion papers, must follow the timeline set forth in Rule 7.1(c). First, the moving party files their motion, opening arguments, and affidavits or exhibits at least 42 days prior to the hearing date for the motion. D. Minn. L.R. 7.1(c)(1). Next, the responding party has 21 days to file any opposition briefing, affidavits, and exhibits. *Id.* at 7.1(c)(2). Finally, the party who submitted the motion may file a reply memorandum within 14 days, so long as the reply does not raise new grounds for relief or present matters that do not relate to the opposing party's response. *Id.* at 7.1(c)(3). These rules *explicitly* require that supporting affidavits and exhibits be filed "simultaneously" with any memoranda and motion papers. *See id.* at 7.1(c)(1).

Affidavits filed outside of these timelines constitute violations of the Local Rules.[1] *See Klinkhammer v. Anishinabe Legal Servs., Inc.*, No. 8-cv-6320 (JNE/RLE), 2010 WL 1416916, at *5 (D. Minn. 2010) (noting that affidavit filed outside the timing parameters

---

[1] The Court notes that there are no rules explicitly forbidding the submission of additional declarations beyond the deadlines set forth in Local Rule 7.1(c). Still, the absence of such a rule is unsurprising given that Rule 7.1 already explicitly requires that any supporting affidavits and declarations be filed *simultaneously* with moving papers and supporting memoranda. D. Minn. L.R. 7.1(c)(1). Moreover, given that the timeline set forth in Rule 7.1(c) is designed to ensure briefing is *complete* prior to oral argument, it is equally unsurprising that there is no rule expressly forbidding additional affidavits and declarations *after* oral argument is over and a motion is taken under advisement.

4

of Local Rule 7.1 was in violation of the local rules). As the Eighth Circuit has noted, "district courts have broad discretion to manage their dockets and address particular circumstances by enforcing local rules and by setting enforceable time limits." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 856 (8th Cir. 2010). Notably, when the Local Rules require the occurrence of an act within a specified timeframe, and a party violates that timeframe, the Eighth Circuit has held that "[t]he district court has discretion," under Fed. R. Civ. P. 6(b)(1), "to admit or exclude materials" that are untimely. *Id.* (affirming exclusion of untimely materials because party seeking admission of materials failed to make "affirmative showing of excusable neglect").

Here, Plaintiff's Second Declaration of Corey DeNicola was filed outside of Rule 7.1(c)'s timeline, and accordingly violated the Local Rules. While the declaration was filed alongside a letter that sought permission for further legal briefing,[2] the letter itself made no mention of the declaration. Moreover, the declaration was filed *over a month after* the Court took Plaintiff's motion under advisement, and offers additional factual assertions that, for the most part, contain dated material that was available to Plaintiff prior to oral argument on its motion. (*See, e.g.*, Second DeNicola Decl. Exs. W–Z, BB–EE.) Accordingly, the Court will not consider the Second Declaration of Corey DeNicola, or any of its exhibits. *See Huggins*, 592 F.3d at 856; *see also Cenveo Corp. v. S. Graphic Systems, Inc.*, No. 08-cv-5521 (JRT/AJB), 2010 WL 3893709, at *1 (D. Minn. Sept. 30, 2010) (affirming exclusion of late filings containing numerous legal and factual assertions).

---

[2] Notably, that request *required* the court's permission. *See* D. Minn. L.R. 7.1(i).

5

## III. CONCLUSION

In light of the foregoing, Defendants objection (Doc. No. 61) to this Court's consideration of Plaintiff's Second Declaration of Corey DeNicola (Doc. No. 58 *et. seq.*) and its accompanying exhibits is sustained. The Court will not consider the materials contained in the declaration in evaluating Plaintiff's motion for a preliminary injunction.[3]

**IT IS SO ORDERED.**


Dated: February 28, 2020                                s/Susan Richard Nelson
                                                        Susan Richard Nelson
                                                        United States District Judge

---

[3] Plaintiff may still file supplemental briefing regarding the applicability of the Minnesota Franchise Act to this case. (*See* Order [Doc. No. 60].)