# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MAINSTREAM FASHIONS
FRANCHISING, INC.,

    Plaintiff and Counterclaim
    Defendant,

v.

ALL THESE THINGS, LLC, *et al.*,

    Defendants and Counterclaim
    Plaintiffs.

Case No. 19-cv-2953 (SRN/TNL)

**PROTECTIVE ORDER**

This matter is before the Court on the parties' stipulation for a protective order ("Stipulation"), ECF No. 78. Based on the parties' Stipulation and pursuant to Fed. R. Civ. P. 26(c), **IT IS HEREBY ORDERED** that:

1. This Protective Order will apply to all materials produced or testimony given (including written discovery responses) by a party or nonparty that is identified by that person or entity as confidential.

2. "Confidential Material," as used in this Protective Order, shall mean all documents, testimony, and other information, in whatever form, including without limitation electronic, electro-magnetic or machine-readable form, that constitutes, contains, or otherwise reflects confidential or proprietary information, personal information the disclosure of which would constitute an unwarranted invasion of privacy, or any other documents or testimony that are properly the subject of a protective order

under the Federal Rules of Civil Procedure, and designated in good faith by any producing party to be confidential, contain confidential information and/or contain proprietary information, whether "originals" or "copies", and all copies thereof. No information that is reasonably available to the public shall be designated as "CONFIDENTIAL" under the provisions of this Protective Order.

3. Confidential Material designated as "CONFIDENTIAL" shall only be used for the purpose of this litigation and may be disclosed only to:

(a) the Court and Court personnel;

(b) the other named parties to this litigation;

(c) designated employees of the parties to this litigation who reasonably need access to such materials for the prosecution or defense of this litigation;

(d) the named parties' in-house and outside counsel (including counsel's partners, associates, legal assistants, and employees);

(e) independent experts, including their staff, retained by a party to this litigation and having no permanent employment or permanent consulting relationship with that party;

(f) witnesses or prospective witnesses, including deposition witnesses, who reasonably need access to such materials in connection with this litigation;

(g) service vendors (including document copying and reproduction vendors), stenographers, and court reporters, and their staffs; and

(h) mediators or other alternative dispute resolution providers engaged by the parties.

4. In no event shall anything designated as "CONFIDENTIAL" be used outside this litigation, used for a competitive business purpose, or disclosed to any person not permitted under paragraph 3 above, either during the pendency of this litigation or after it has been concluded.

5. The recipient of any Confidential Material must maintain such documents, testimony, or information in a secure and safe area, must take all appropriate measures to ensure the continued confidentiality of such documents, testimony, or information, and must exercise at least the same standard of due and proper care with respect to the storage, custody, use or dissemination of such documents, testimony, or information as is exercised by the recipient with respect to its own Confidential Material.

6. A designation of materials as Confidential shall be made by affixing or placing the notice "CONFIDENTIAL" on such material. All such notices of such designation shall be affixed in a manner that does not interfere with the legibility or use of the materials. There shall be no such designations with respect to any materials except where the designating party or parties and their counsel of record have a reasonable, good faith belief that the materials in fact contain information subject to protection pursuant to the standards set forth above.

7. Any named party, or any person giving testimony in these proceedings, may designate all or a portion of the testimony as "CONFIDENTIAL" under this Protective Order by advising the court reporter and all counsel **at the deposition** of such fact. The court reporter shall separately transcribe those portions of the testimony so designated and mark the face of each relevant page of the transcript of the testimony with the words: "CONFIDENTIAL." Whenever any document designated as Confidential Material is identified as an exhibit in connection with deposition testimony given in the litigation, it shall be placed in an envelope separate from the other exhibits, which envelope shall be marked, "CONFIDENTIAL EXHIBITS." **A party intending to**

**present its own, another party's, or a non-party's Confidential Material at a hearing or trial must promptly notify the Court and, in the case of another party or a non-party, the other party or the non-party as well so that the other party or the non-party may seek relief from the Court.**

8. In the case of all depositions in this litigation, any portion of a transcript not designated at the time the testimony is given shall nevertheless be treated as "CONFIDENTIAL" for a period of 15 days after the party or witness receives the transcript of the testimony so as to permit the party or witness time to designate some or all of the testimony as "CONFIDENTIAL" within this 15-day time period. Such designation may be made by marking the transcript as "CONFIDENTIAL" or by listing the page and inclusive line numbers of the material designated as "CONFIDENTIAL" and by providing such designation to the other parties, their counsel, and the court reporter within 15 days after the party or witness receives the transcript of the testimony. The court reporter shall thereafter mark the front of each relevant page as confidential and separately transcribe those portions of the testimony so designated. Thereafter, only such portions of a transcript that have been affirmatively designated in writing by a party or witness to be "CONFIDENTIAL" shall be treated as such under this Protective Order.

9. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the document, testimony, or information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific item disclosed or as to any other item

concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the document, testimony, or information was disclosed, within a reasonable time after disclosure, that the item should have been designated "CONFIDENTIAL." Such notice shall constitute a designation of the information as Confidential Material under this Protective Order.

10. Information designated as Confidential Material pursuant to this Protective Order shall be treated in the manner required by this Protective Order by all persons to whom such information may be disclosed. In addition, persons who are authorized by this Protective Order in paragraphs 3(e) and 3(f) above to inspect or have access to materials designated as "CONFIDENTIAL" and who do inspect any such material, shall, before conducting any such inspection or having such access, be provided with a copy of this Protective Order and must sign a Declaration in the form of Exhibit A attached hereto.

11. If a party, without intending to waive a claim of privilege or of work product protection, produces material that is subject to a claim of privilege or of protection as work product, including but not limited to litigation-preparation material, that party may notify the other party of its claim that the material is privileged or protected and explain the basis for the claim of privilege or protection. After being so notified, the receiving party must promptly sequester the specified information and any copies the party has, and shall not use or disclose the information until the claim is resolved. If the receiving party disclosed the information before being notified, the receiving party must take reasonable steps to retrieve it. Any party may submit the

information to the Court under seal for a determination of the claim of privilege or of other applicable protection **in accordance with paragraph 14**. The parties agree that an inadvertent production does not constitute a waiver of privilege or of work product protection.

12. At any hearing relating to this litigation, and subject to the rules of evidence, the Federal Rules of Civil Procedure and any order of the Court, a party may use any Confidential Material for any purpose, provided that the opposing party may obtain appropriate protection from the Court.

13. After the conclusion of this litigation, and within 30 days of a written demand by the producing party, the receiving party shall return or destroy all designated Confidential Material and all designated "CONFIDENTIAL" transcripts of testimony. The party returning or destroying such "CONFIDENTIAL" documents shall certify in writing that the party has complied with this paragraph. This section shall not apply to transcripts of proceedings before the Court, which shall be governed by and preserved as provided by applicable law. Notwithstanding this provision, outside counsel of record in this litigation are entitled to retain an archival copy of all pleadings, motion papers, transcripts, deposition transcripts, legal memoranda, correspondence, documents produced, or attorney work product. Any such archival copy that contains or constitutes Confidential Material shall remain as such and subject to this Protective Order.

14. At any time after the production of any material designated as Confidential Material, any other party to this action may serve a written notice of objection to such designation stating the reasons for such objection. The parties shall thereafter confer or

attempt to confer with each other in an effort to resolve the dispute. Should the parties be unable to resolve the issues raised by the objection within 15 days of the receipt of such objection, the objecting party may thereupon seek a ruling from the Court with respect to the merits of the designation, subject to the terms of any applicable Scheduling or other Orders of the Court. The burden of proving the appropriateness of the designation shall be upon the party designating the materials as "CONFIDENTIAL." A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

15. Notwithstanding any provision herein to the contrary, if any named party to this action should conclude in good faith that, for the purpose of this action, it needs to disclose any of the information contained in any Confidential Material, or any information derived from such material, to any person not described in paragraph 3 of this Protective Order, it may request permission from counsel for the designating party to do so. If counsel cannot agree as to the disposition of such a request, application to the Court for a ruling on such request shall be made before any such disclosure is made.

16. Nothing contained in this Protective Order precludes a party from using its own Confidential Material in any manner it sees fit, or from revealing such Confidential Material to whomever it chooses, without the prior consent of any other party or of the Court.

17. This Protective Order does not authorize the filing of any document under seal. **The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document**

**or information therein is genuinely confidential and/or there are compelling reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.** In the event that any party wishes to submit protected material to the Court, that party must seek to file it under seal with the Court in accordance with Local Rule 5.6. **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit B attached hereto. Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.** A party intending to present another party's or non-party's Confidential Material at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the Court. If any party or designating party files protected material without first attempting to file the protected material under seal pursuant to Local Rule 5.6, the designating party or any party to this action may request that the Court place the protected material under seal within 30 days of the filing of said protected material.

18. Anyone who has designated materials as Confidential Material may, directly or through its counsel of record, agree in writing or on the record during any deposition or proceeding to declassify any such material.

19. Any party to this litigation may apply to the Court at any time for modification of this Protective Order, for supplemental orders, or for further protection.

20. If any person bound by this Protective Order, including a party, in possession of documents, information, or other materials designated as Confidential

Material under this Order receives a subpoena compelling production or the disclosure of such confidential documents, materials, and/or information, such person shall promptly give written notice to the counsel for the party who designated the materials "CONFIDENTIAL," stating that Confidential Material is sought and enclosing a copy of the subpoena. Such written notice shall be given sufficiently in advance of the production date (set forth in the subpoena) to allow the party that designated the material(s) as "CONFIDENTIAL" an opportunity to object to the production. If such objection is timely made, no production shall take place absent a subsequent Court order. In no event shall production or disclosure be made before notice is given. All requirements set forth herein shall be subject to applicable law, and good faith attempts to comply herewith shall be sufficient.

21. Nothing in this Protective Order shall be construed as a waiver of the right of any party to object to the production of documents on the grounds of privilege or on other grounds not related to the confidentiality of the documents. The provision of this paragraph does not alter any of the duties set forth in paragraph 11 of this Protective Order.

22. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at litigation of any proposed evidentiary materials.

23. In the event that one or more parties or counsel are added or substituted into this action, this Protective Order shall be binding on and shall inure to the benefit of such

new parties, subject to the right of such new parties or counsel to seek relief from or modification of this Order.

24. Nothing in this Protective Order in any manner defines the scope of discovery or the materials to be produced in this litigation.

25. **All prior consistent orders remain in full force and effect.**

26. **Failure to comply with any provision of this protective order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Date: July  15 , 2020           *s/ Tony N. Leung*
                                                                   Tony N. Leung
                                                                   United States Magistrate Judge
                                                                   District of Minnesota

*Mainstream Fashions Franchising, Inc.*
*v. All These Things, LLC et al.*
Case No. 19-cv-2953 (SRN/TNL)

# EXHIBIT A

_____ declares that I have read and I understand the terms of the Protective Order dated _____, filed in *Mainstream Fashions Franchising, Inc. v. All These Things, LLC, et al.*, 19-cv-2953 SRN/TNL, which is an action pending with the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court and/or a court of law.

I shall not divulge any documents, or copies of documents, designated as CONFIDENTIAL obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated CONFIDENTIAL, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents, or provide to the attorney an affidavit stating such materials have been destroyed.

I submit myself to the jurisdiction of the Court and any court of competent jurisdiction for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____ _____
               (Date)                    (Signature)

# EXHIBIT B
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | *X* | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | *X* | | | | *Confidential medical records.* |